BOSTON HOUSING COURT
24 NEW CHARDON STREET
BOSTON, MA 02118
AND
UNITED STATES DISTRICT COURT
ONE COURTHOUSE WAY
OFFICE OF THE CRIMINAL CLERK - SUITE 2300
JOHN JOSEPH MOAKLEY BUILDING AND U. S. COURTHOUSE
BOSTON, MA 02210

In the matter of:
Michael Slavin, John Connors, and Boston Inspectional Services Department,

Complainants, Edward Coburn, Attorney representation

Vs.

Helen Cameron,

Defendant, Unrepresented by Counsel

Boston Housing Court case # 14H84CR000495

NOTICE OF REMOVAL OF CRIMINAL CASE FROM BOSTON HOUSING COURT
TO U.S. DISTRICT COURT
(U. S. Code Title 18 Part IV, section 1455, et. al)

Now comes the defendant and hereby removes the referenced criminal case from Boston Housing Court to U. S. District Court for the Eastern District of Massachusetts. This case was commenced in Boston Housing Court. There is no filing fee associated with removal.

Grounds and reasons there-for being, without limitations:

1. The defendant is unable to obtain fair treatment in Boston Housing Court for reasons of prejudice and unfair treatment. It is common knowledge that Boston Housing Court arbitrarily and capriciously rules in favor of any plaintiff in matters involving a Landlord as defendant. For these reasons, the defendant feels she will benefit by higher procedural standards and safeguards of a federal tribunal less subject to the emotionalism of the Boston Housing Court. For example, in the case herein, the defendant believes her basic rights have been repeatedly violated in the present tribunal for the following reasons. The defendant was:
    a) denied basic civil rights; denied her right to counsel at and after arraignment by reason of denial of requested opportunity to file affidavit of indigency;

b) denied opportunity to file her counter-complaint;
c) forbidden to speak in her own behalf while unrepresented at conference;
d) not properly served with summons and complaint; denied due process;
e) not provided proper notice of probable cause hearing;
f) threatened with arrest for failure to appear;
g) denied requested withdrawal of appearance;
h) denied lawful waiver of presence;
i) denied opportunity to submit evidence in support of her motion to dismiss and motion to suppress;
j) not made fully aware of charges brought against her and the reasons therefor;
k) harassed by the attorney for the plaintiff who deliberately, maliciously, and vengefully argues for and applies the wrong law(s) to the facts, and conceals evidence from the presiding judge;
l) charged with crimes and coerced or forced by use of terror tactics to appear in a court that has no subject matter or personal jurisdiction;
m) forced to allow without recourse and to answer for plaintiff's unlawful search and seizure of private property;
n) denied requested disability accommodations;
o) denied requested Discovery;
p) denied access to court docket sheet: this case was never formally docketed by "real" Court Clerk; one of the complainants personally serves in the roles of process server, prosecutor, court docket clerk, case manager, event scheduler, and "cyber-spy".

2. In 1866 Congress made provision for removal of criminal cases from state to Federal Courts when it enacted as part of the Civil Rights Laws a statute providing for removal "when any civil suit or criminal prosecution is commenced in any state court, for any cause whatsoever, against any person who is denied or cannot enforce the judicial tribunals of the state where such suit or prosecution is pending, any right secured to him by any law providing for the equal rights of citizens of the United States or of persons within the jurisdiction of the United States." (Rev. Stat. section 641 (1875), 28 U.S.C. section 74 (1934)).

Wherefore, in the interest of justice, this removal from Housing Court to U. S. District Court should be allowed.

Respectfully,
Helen Cameron - 98 Topliff Street - Boston, MA 02122 - January 9, 2015

## CERTIFICATE OF SERVICE

On January 9, 2015 I served by fax phone at 617-635-5385 the following parties:

Edward Coburn, attorney for Complainants

Chayla White, Assistant Corporate Counsel for Inspectional Services Department

Signed: Helen Cameron