UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

                    CIVIL ACTION NO. 15-10084-RGS

                         MICHAEL SLAVIN, et al.

                                    v.

                             HELEN CAMERON


                                  ORDER

                            Janaury 15, 2015

STEARNS, D.J.

	For the reasons stated below, the Court remands this action to the Boston Housing Court.

	On January 12, 2015, Helen Cameron, acting pro se filed a motion for leave to file a notice of removal and a notice of removal. She is attempting to remove a criminal action pending against her in the Boston Housing Court (case number 14H84CR000495) to this Court. As grounds for the removal, she argues that "[i]t is common knowledge that Boston Housing Court arbitrarily and capriciously rules in favor of any plaintiff in matters involving a Landlord as defendant. For these reasons, the defendant feels she will benefit by higher procedural standards and safeguards of a federal tribunal less subject to the emotionalism of the Boston Housing Court." (docket entry #1, ¶ 1). She includes a list of allegedly improper actions by the Boston Housing Court, including denying her counsel, not allowing her to file a counter-complaint, failing to provide proper notice of a probable cause hearing, and denying disability accommodations. Other than identifying herself as a landlord, Cameron does not indicate the nature of the criminal charges against her.

	She states that she is removing this case pursuant to a provision of the 1934 version of 28 U.S.C. § 74, which provided for removal "[w]hen any civil suit or criminal prosecution is commenced in any State court, for any cause whatsoever, against any person who is denied or cannot enforce in the judicial tribunals of the State . . . where such suit or prosecution is pending, any right secured to him by any law providing for the equal civil rights of citizens of the United

States."  28 U.S.C. § 74.  The current version of this statute[1], codified at 28 U.S.C. § 1443(1) ("§ 1443(1)"), provides for removal of a state prosecution "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States."  28 U.S.C. § 1443(1).

To qualify for removal under § 1443(1), "the right allegedly denied the removal petitioner [must] arise[] under a federal law 'providing for specific civil rights stated in terms of racial equality.'"  Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)); see also Murphy v. Molino, 45 F.3d 423, 1995 WL 32646, at *1 (1st Cir. Jan. 30, 1995) (unpublished) (per curiam) (equal rights provision of § 1443(1) relates to racial equality).  Prosecutions are removable under § 1443(1) only in "the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicitly state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court."  City of Greenwood v. Peacock, 384 U.S. 808, 828 (1966).

Cameron has not made any showing that her right under a law providing for racial equality will "inevitably be denied" in the state court prosecution.  While she may prefer a federal forum, federal law does not provide for the removal of the prosecution against her.  The Court therefore lacks jurisdiction over the criminal proceeding.

Accordingly, the motion for leave to file a notice of removal is DENIED.  This case shall be remanded to the Boston Housing Court.  The Clerk shall send a copy of this order to the Clerk of the Boston Housing Court.

SO ORDERED.

/s/  Richard G. Stearns
UNITED STATES DISTRICT JUDGE

---

[1]For an overview of the evolution of this statute, see Baines v. City of Danville, 357 F.2d 756, 759-761 (4th Cir. 1966)